UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  v. ) CASE NO. 1:02-CR-066  )  MICHAEL J. WILLIAMS )  )  Defendant. ) | |

## MEMORANDUM OF DECISION AND ORDER

Presently before the court is Defendant Michael Williams, ("Defendant's" or "Williams'") Motion for Relief From Judgment Pursuant to Fed.R.Civ.P. 60(b)(4)(6) filed on March 9, 2006. The Government responded on March 31, 2006 to which the Defendant replied on April 14, 2006. For the following reasons, Williams's motion will be DISMISSED for LACK OF JURISDICTION and his petition deemed a successive petition pursuant to 28 U.S.C. §2255 for which prior authorization from the Seventh Circuit Court of Appeals is required.

### Background

On June 26, 2002, a federal grand jury returned a two count indictment against Williams charging him with two counts of being a convicted felon in possession of a firearm. The firearms at issue were a Colt pistol and an Anschutz rifle. On September 11, 2002, a jury convicted Williams of both counts of the indictment. At trial, testimony of firearms expert, Agent John Phinney, established that the guns were not manufactured in Indiana and thus, had been transported to Indiana through interstate commerce. In particular, Phinney concluded that the pistol used by Williams was manufactured in Connecticut, and thus had to travel in interstate commerce before

1

arriving in Indiana. Phinney further testified that the rifle was manufactured in Germany and had to travel in both interstate and foreign commerce before arriving in Indiana.

Subsequently, on December 20, 2002, this court sentenced Williams to 70 months concurrent imprisonment sentences, a supervised release term of three years and a $200.00 special assessment. Williams' sentence was based on a Presentence Investigation Report ("PSR") which assessed Williams a two level enhancement under U.S.S.G. §3C1.2 for obstruction of justice.[1] Williams appealed and, on March 24, 2004, the Seventh Circuit affirmed Williams' convictions in an unpublished decision. *See United States v. Williams*, 2004 WL 627028 (7th Cir. 2004)(unpublished). Williams then filed two new trial motions pursuant to Fed.R. Civ.P. 33. The court construed those motions as attempts to circumvent 28 U.S.C. §2255 and instructed Williams that he could either withdraw the motions or re-file them in proper §2255 form along with any additional materials he wished to submit. Thereafter, Williams withdrew his Rule 33 motions and refiled a proper petition pursuant to 28 U.S.C. §2255 wherein he asserted two claims: (1) that his conviction was obtained in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (2) ineffective assistance of counsel. On November 9, 2005, the undersigned denied the petition. The present motion is Williams's latest attempt to vacate his conviction and sentence, this time using Fed.R.Civ.P. 60(b) in an attempt to have this court alter its prior order denying his §2255 petition.

The Government urges that the instant petition is functionally the equivalent of a successive habeas petition and should be dismissed for lack of jurisdiction. In turn, Williams relies on a recent Supreme Court case, *Gonzalez v. Crosby,* --- U.S. ----, ----, 125 S.Ct. 2641, 2648, 2651 (2005) as

---

[1] Williams fled from police and the Court concluded that Williams recklessly endangered the life of another person while doing so which warranted the obstruction of justice enhancement.

a basis for permitting him to seek relief under Fed.R.Civ.P. 60(b). However, as is demonstrated below, he misapplies the holding in that case to his present petition.

The Court in *Gonzalez* held that a motion under Rule 60(b) containing certain claims--such as when a petitioner claims that a subsequent change in substantive law is a reason justifying relief from a previous denial of a claim--"is, if not in substance, a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' [§ 2254]." *Id.* In so finding, the Court approved the holdings of the Seventh Circuit and its sister circuits in cases such as *Dunlap v. Litscher,* 301 F.3d 873, 876 (7th Cir.2002) (finding that § 2244(b)(2) and § 2255 ¶ 8 bar a district court from using a Rule 60(b) motion "to give a prisoner broader relief from a judgment rendered by the court in the prisoner's federal habeas corpus (including section 2255) proceeding. Otherwise AEDPA's limitations on collateral attack would be set at naught.").

However, the Supreme Court in *Gonzales* also recognized that certain issues presented in Rule 60(b) motions do not merit construal as successive petitions. *Gonzales,* 125 S.Ct. at 2648; *Dunlap,* 301 F.3d at 876 ("It is only when Rule 60(b) conflicts with AEDPA that it is unavailable to a prisoner ... [not when, for example,] the state procured dismissal of a prisoner's first federal habeas corpus proceeding by making fraudulent representations to the district court...."). Whether a Rule 60(b) motion is properly considered a successive petition hinges on whether the arguments presented in the motion constitute a claim, as the term claim is used in § 2244(b). The Court determined that a petitioner brings a "claim" when his motion "attacks the federal court's previous resolution of a claim *on the merits." Gonzales,*, 125 S.Ct, at 2648. The Court distinguished the case where a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings."

3

*Id.* In those cases-- cases where no "claim" is presented--"there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id.* "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.*

The reasoning of *Gonzalez v. Crosby* has been extended to § 2255 motions which implicate similar concerns of successiveness. *United States v. Scott,* 414 F.3d 815, 816 (7th Cir.2005). Thus, where a motion challenges a perceived "defect in the integrity of the proceedings" under § 2255, a Rule 60(b) motion is appropriate.

Here, Williams contends that the district court did not have jurisdiction to resolve his criminal case and thus, he is pointing out a "defect in the integrity of the proceedings." The problem for Williams is that to be successful under Fed.R.Civ.P. 60(b) he must point to a defect in the integrity of the *habeas proceedings* not in the underlying criminal case. *Gonzales,*, 125 S.Ct, at 2648. Here, Williams has not demonstrated any defect in the prior habeas proceedings and thus, he cannot utilize Rule 60(b) here to question those proceedings. As a result, Wiliams's Rule 60(b) motion is properly treated as a successive § 2255 motion that is subject to 28 U.S.C. § 2244(b). *See Gonzalez,* 125 S.Ct. 2641.

In sum, the Court finds that because Williams's motion attacks the substance of the Court's resolution of his prior petition under §2255 claims on the merits, it lacks jurisdiction to entertain the motion without authorization from the United States Court of Appeals for the Seventh Circuit. *See* 28 U.S.C. 2244(b)(3); *Gonzalez,* 125 S.Ct. at 2649 ("a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas

4

petition."). ACCORDINGLY, Williams's Rule 60(b) Motion is DISMISSED for lack of jurisdiction.

Entered: April 20, 2006

s/William C. Lee<br>
United States District Court<br>
Northern District of Indiana